IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN SNYDER | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 15-248-2 |
| | : | |
| UNITED STATES OF AMERICA | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                           **April 26, 2023**

Petitioner Jonathan Snyder asks this Court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Snyder brings a total of ten claims of prosecutorial misconduct, ineffective assistance of counsel, and cumulative error. Because the record conclusively shows Snyder is not entitled to relief on any of these claims, his motion will be denied without an evidentiary hearing.

## BACKGROUND

On February 11, 2016, a federal grand jury handed down an indictment charging Snyder and partner Trevor Summers with six counts of wire fraud. Second Super. Indictment 1, ECF No. 43. Snyder and Summers were accused of making false representations to investors of their two co-owned companies, Resound, LLC and StrawAds, LLC, which produced and distributed straws with advertisements printed on them. *Id.* at 2. Specifically, the Defendants told the investors and employees of these companies that they owned the patents for the printing technology, owned the machinery used to print on the straws, and already had substantial sales revenue. *Id.* In fact, these were lies intended to make the companies seem profitable to investors. *Id.* at 2-3. Summers pleaded guilty, but Snyder proceeded to trial, where a jury found him guilty of four of the six wire fraud counts. J. Sept. 22, 2016, ECF No. 78. Snyder was sentenced to 37 months' imprisonment and 3 years of supervised release. J. June 20, 2017, ECF No. 108. He appealed, arguing the Court incorrectly calculated the Sentencing Guidelines and erred in denying his request for a downward

1

variance. *See United States v. Snyder*, 762 F. App'x 118 (3d Cir. 2019). The Third Circuit affirmed. *Id.* at 124.

On September 26, 2019, Snyder filed this pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 138. On January 3, 2020, he filed a motion to compel discovery evidence in conjunction with his § 2255 petition, claiming the government failed to turn over relevant discovery before trial. ECF No. 145. Snyder was released from prison on March 20, 2020, and his period of supervision was terminated on March 19, 2023. *See* ECF No. 154.[1]

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may seek to have his sentence vacated, set aside, or corrected if it was imposed in violation of the Constitution or laws of the United States, or is otherwise subject to collateral attack. Relief may be granted only if an error of law or fact occurred, and if such error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). In evaluating a § 2255 motion, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record" and "must order an evidentiary hearing to determine the facts unless

---

[1] Before addressing Snyder's petition, the Court must examine whether his release from custody renders the issue moot. *See Chong v. Dist. Director, I.N.S.*, 264 F.3d 378, 383 (3d Cir. 2001) ("[W]e are required to raise issues of standing sua sponte if such issues exist."). The requirement that a habeas petitioner be "in custody" is met as long as the petitioner was incarcerated at the time the petition was filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Snyder was released from prison on March 20, 2020, but this Court retains jurisdiction to consider his petition because it was filed while he was incarcerated. *See* Pet. 1, ECF No. 138. And although Snyder's term of supervised release terminated last month, the presumed "continuing collateral consequences" of a wrongful federal criminal conviction satisfy the Constitution's case-or-controversy requirement. *Spencer*, 523 U.S. at 8. Snyder's petition is not moot.

the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Although the threshold for obtaining an evidentiary hearing on a § 2255 motion is "reasonably low," *see U.S. v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005) (citation omitted), "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court," *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Snyder brings this § 2255 motion pro se, and his pleadings are thus construed liberally. *See United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007). Even so, Snyder must nevertheless plead "facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).[2]

To demonstrate that one was deprived of the constitutional right to effective assistance of counsel, a defendant must show (1) his counsel's representation fell below an objective standard of reasonableness, and (2) he was prejudiced by this "deficient performance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first *Strickland* prong "is necessarily linked to the practice and expectations of the legal community: [t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010). In undertaking this review, "judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (internal quotation marks and citation omitted). In considering the second *Strickland* prong, courts must "ask whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Padilla*, 559 U.S. at 366 (internal quotation marks and citation

---

[2] Snyder's petition, together with its supporting appendix, is 153 pages long. Much of the filing is single-space type, and some of the allegations are repetitive and difficult to understand. Nevertheless, the Court has done its best to understand Snyder's arguments and has liberally construed the petition to the best of its ability.

omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 944 (3d Cir. 2019). This requires a substantial, not just a conceivable likelihood of a different result. *Shinn v. Kayer*, 141 S. Ct. 517, 523 (2020); *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011).

**DISCUSSION**

The Court agrees with the government that Snyder's ten claims for relief can properly be grouped into three main areas of argument: prosecutorial misconduct, ineffective assistance of counsel, and cumulative error. *See* Gov. Resp. 9, ECF No. 152. Because Snyder procedurally defaulted his prosecutorial misconduct claims, and because his claims of ineffective assistance of counsel have no merit, his petition will be denied without an evidentiary hearing.

Within the realm of prosecutorial misconduct, Snyder claims the government: made false and misleading statements about sales, patents, and manufacturing (ground one); misrepresented facts not in evidence about the companies' financials (ground three); tampered with a video recording and transcript (ground five); and withheld Brady material (ground seven). The thrust of Snyder's argument is that the government knowingly elicited false testimony about Snyder's knowledge of, and active participation in, the fraud and that, without such evidence, Snyder would have been able to prove that he had been Summers' victim rather than his co-conspirator. *See, e.g.*, Pet. Ex. A 2, ECF No. 138. However, because Snyder could have but failed to raise these arguments on direct appeal—where he only challenged the computation of his sentence—they are procedurally defaulted. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[C]laims not raised on direct appeal may not be raised on collateral review."). He may thus only raise these claims if he can show "cause" and "prejudice," or actual innocence. *Bousley v. United States*, 523 U.S. 614, 522 (1998) (internal citations omitted).

4

Snyder has not demonstrated either exception applies here. Cause for default may exist where a petitioner shows an "objective impediment to compliance with a procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Snyder has not alleged any reason for his failure to raise these arguments on direct appeal. In fact, as the government points out, each of these claims rely on information Snyder possessed before appealing his sentence. Gov. Resp. 15, ECF No. 152. There is thus no cause for his failure to include them in his appeal. Given that a petitioner must show both cause and prejudice to escape default, it is unnecessary to examine whether the alleged errors produced prejudice. *See Murray*, 477 U.S. at 494 ("[T]he Court could not have been clearer that *both* cause and prejudice must be shown."); *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982) ("Since we conclude that these respondents lacked cause for their default, we do not consider whether they also suffered actual prejudice . . . . [This Court] stated these criteria in the conjunctive.").

Nor has Snyder pointed to sufficient evidence of his actual innocence, a "narrow" and "extraordinary" exception to the procedural bar. *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992). To excuse default on this ground, a petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotation marks and citation omitted). But "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Snyder has pointed to no "new reliable evidence . . . not presented at trial" which suggests his innocence. *See Hubbard v. Pinchak*, 378 F.3d 333, 339 (3d Cir. 2004) (quoting *Schlup*, 513 U.S. at 316). He has thus failed to demonstrate that "no rational juror would have voted to convict" him. *Id.* at 341 (internal citation omitted). Because

there has been no "miscarriage of justice," Snyder can not escape procedural default. *Id.* at 338. Grounds one, three, five, and seven of his petition will be denied as procedurally barred.

In contrast to Snyder's defaulted claims of prosecutorial misconduct, his allegations of ineffective assistance of counsel are properly raised for the first time on collateral review. *Massaro*, 53 U.S. at 504; *United States v. Felix*, 314 F. App'x 430, 432 (3d Cir. 2008). Snyder argues counsel erroneously failed to: object to prosecutorial misconduct and witness perjury (ground two); investigate the companies' financials (ground four); investigate or move to suppress an allegedly falsified transcript (ground six); object to the last-minute receipt of discovery or request a continuance to review it (ground eight); and investigate witnesses prior to their testimony (ground nine). These claims fail because Snyder does not show a reasonable probability that, but for the alleged errors, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Ground two of the petition charges Snyder's attorney with unreasonably failing to object to witness testimony or prosecution argument he knew to be false. *See, e.g.*, Pet. Ex. A 23, ECF No. 138. Specifically, Snyder claims counsel should have objected to testimony suggesting Snyder knowingly misrepresented the companies' relationships with distributors and possession of patents. *Id.* at 23-24. However, Snyder fails to demonstrate a reasonable probability that, had this testimony been successfully stricken, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Even without this testimony, there was more than enough evidence for the jury to find that Snyder acted with the requisite intent to defraud investors. And prejudice under *Strickland* requires more than a mere "possib[ility that] a reasonable doubt might have been established if counsel acted differently." *Harrington v. Richter*, 562 U.S. 86, 111 (2011). Snyder has failed to "affirmatively establish[] the likelihood of an unreliable verdict" because of these

alleged errors. *McAleese v. Mazurkiewicz*, 1 F.3d 159, 166 (3d Cir. 1993). Ground two of the petition will therefore be denied.

Next, Snyder's allegations of failure to investigate—the companies' financials, the allegedly fraudulent transcript, and the witnesses to testify—are meritless because the petition fails to demonstrate how any information obtained from such investigations would have altered the outcome of the proceeding. As to the financials, Snyder had already told his attorney about the pertinent information in the companies' bookkeeping files. "[D]efense counsel may properly rely on information supplied by the defendant in determining the nature and scope of the needed pretrial investigation." *Lewis v. Mazurkiewicz*, 915 F.2d 106, 111 (3d Cir. 1990). It was reasonable for counsel to choose to spend trial preparation time pursuing other avenues of defense, because "when facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether." *Strickland*, 466 U.S. at 691. Snyder fails to show how further investigation of the companies' records would have produced evidence sufficient to undermine confidence in the outcome of the trial.

Similarly, counsel's choice not to interview or subpoena witnesses before trial was not constitutionally ineffective, because the potential testimony was already known to the defense. *See Lewis*, 915 F.2d at 113-14 (holding decision not to interview witness was reasonable because counsel knew the "outline" of the testimony the witness was prepared to give); *McGahee v. United States*, 570 F. Supp. 2d 723, 733 (E.D. Pa. 2008) ("When an attorney knows the details of what a certain witness will testify to, and then chooses not to interview that proposed witness, the decision is due greater deference."). As his petition reveals, Snyder was necessarily aware of each witness's relationship to the case before trial, and the government turned over all relevant information about

the witnesses during discovery. It was not unreasonable for counsel to forego further investigation prior to trial. Finally, the alleged failure to investigate or move to suppress the "government-falsified transcript" was not ineffective, because even without this piece of evidence, there was enough in the record to establish that Snyder was an active participant in the fraudulent scheme. *See* Gov. Resp. 7-8, ECF No. 152 (detailing evidence of intent to defraud). Counsel's decision not to investigate these matters, due a "heavy measure of deference," was not ineffective. *Strickland*, 466 U.S. at 691. Grounds four, six, and nine will be denied.

Lastly, Snyder claims counsel was ineffective for failing to object to the large amount of discovery produced the day before trial, or to request a continuance to properly review the material. Pet. Ex. A 41, ECF No. 138. These allegations do not meet the *Strickland* standard. The government did not violate any obligation by producing this material so close to trial. In fact, it turned over the documents from Summers the very day they were received. Pet. Ex. A App. G-1, ECF No. 138. Counsel was not ineffective for failing to object, as any such objection would have been meritless. *United States v. Sanders*, 165 F.2d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument."). Without any explanation of how a more thorough review of these documents would have led to a different outcome at trial, counsel also cannot be said to be ineffective for failing to request a continuance. *See Jackson v. Carroll*, 161 F. App'x 190, 193 (3d Cir. 2005) (denying an ineffective assistance claim where the petitioner did not "demonstrate that things would likely have been different if counsel had additional time"). The only evidence Snyder points to as meaningful in the Summers discovery are emails where Snyder described their patent as pending. Pet. Ex. A 41, ECF No. 138. This is insufficient to undermine confidence in the outcome of the trial, given the plethora of other evidence of intentional fraud. And because "weighty evidence of guilt is in

8

the record, even in spite of the petitioner's alleged errors, the cumulative error standard has not been met." *Johnson v. Folino*, 735 F. Supp. 2d 225, 247 (E.D. Pa. 2010) (citing *Fahy v. Horn*, 516 F.3d 169, 205 (3d Cir. 2008)). Grounds 8 and 10 will be denied.

Because the record conclusively shows Snyder is not entitled to relief, no evidentiary hearing is required. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010) (internal quotation marks and citation omitted) ("We have repeatedly emphasized that bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing on a habeas petition."). Further, the Court cannot find that Snyder has made the requisite substantial showing of the denial of a constitutional right nor has he demonstrated that jurists of reason would find this or the correctness of the Court's procedural findings to be debatable. There is thus no basis upon which to issue a Certificate of Appealability. *See generally*, 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Finally, because Snyder's § 2255 petition is without merit, his motion to compel discovery will likewise be denied.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.